
DA 07-0597

IN THE SUPREME COURT OF THE STATE OF MONTANA

2008 MT 291N

CITY OF MISSOULA,

        Plaintiff and Appellee,

v.

CHARLES R. DUNN,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DC 07-153
Honorable Douglas G. Harkin, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

        Myshell Lyday Uhl, Office of Public Defender, Missoula, Montana

        For Appellee:

        Hon. Mike McGrath, Attorney General, Helena, Montana

        Judith L. Wang, Assistant City Attorney, Missoula, Montana

Submitted on Briefs:  July 16, 2008

Decided:  August 19, 2008

Filed:

_____
Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(d), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2    Appellant Charles R. Dunn appeals from the District Court's order denying his motion to dismiss the charge of partner and family member assault. We affirm.

¶3    The City of Missoula (City) charged Dunn with partner family member assault following an incident at the home of Dacia Closson (Closson). Dunn filed a motion to dismiss the partner assault charge on the basis that his relationship with Closson was not a partner type relationship. Dunn admitted that he had a three-year relationship with Closson, but he argued that the relationship had ended ten years before the alleged assault. Dunn also claimed that the definition of partner, as used in § 45-5-206, MCA, was unconstitutionally vague. The Municipal Court denied Dunn's motion to dismiss. Dunn entered a no-contest plea to the charge of partner assault and reserved his right to appeal the ruling under § 46-12-204(3), MCA. Dunn appealed to the District Court and the District Court affirmed. Dunn appeals.

¶4    Dunn argues on appeal that he and Closson are not partners as defined under § 45-5-206, MCA. He contends that they have not been in an ongoing relationship for at least 10 years, that they do not have any children in common, and that they do not have any financial matters in common that would allow Dunn to exert control over Closson. Dunn contends

2

that the legislature did not intend to provide that two people involved in a relationship many years ago would be strapped with the perpetual designation as partners.

¶5     The City counters that the definition of partner under § 45-5-206, MCA, includes people currently in ongoing intimate relationships as well as people who were in past ongoing intimate relationships.  The City points out that the definition of partner includes "persons who have been or are currently in . . ." defined relationships.  Section 45-5-206(2)(b), MCA.  The City further contends that the statutory definition of partners is not unconstitutionally void for vagueness.  The City argues that the definition of partner provides an ordinary person with a reasonable chance to know what actions would be prohibited.  The City suggests that an ordinarily intelligent person reading the definition of partner as used in the statute would know that Montana law would punish an assault on a past or current partner.

¶6     Dunn's challenge to the Municipal Court's denial of his motion to dismiss presents a question of law.  *State v. Ashmore*, 2008 MT 14, ¶ 7, 341 Mont. 131, ¶ 7, 176 P.3d 1022, ¶ 7.  We review de novo the District Court's ruling to affirm the Municipal Court's order denying Dunn's motion to dismiss.  *Ashmore*, ¶ 7.  We review for correctness the District Court's order affirming the Municipal Court's denial of Dunn's motion to dismiss.  *State v. Pyette*, 2007 MT 119, ¶ 11, 337 Mont. 265, ¶ 11, 159 P.3d 232, ¶ 11.  We have determined to decide this case pursuant to Section I, Paragraph 3(d), of our 1996 Internal Operating Rules, as amended in 2003, that provide for memorandum opinions.  It is manifest on the face of the

briefs and the record before us that settled Montana law controls the outcome and that the District Court correctly interpreted this law.

¶7 We affirm.

/S/ BRIAN MORRIS

We Concur:

/S/ KARLA M. GRAY
/S/ PATRICIA COTTER
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE